UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

GARY NOWLIN,

     Plaintiff,

v.                                          Case No. 4:19cv314-WS-HTC

WALT MCNEIL, SHERIFF
OF LEON COUNTY,
ED LEE, DIRECTOR LEON COUNTY
JAIL, and LEON COUNTY JAIL,

     Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, a prisoner proceeding *pro se* and *in forma pauperis*, has filed an amended civil rights complaint under 42 U.S.C. § 1983.  ECF Doc. 12.  The matter was referred to the undersigned Magistrate Judge for preliminary screening and report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B).  The undersigned has screened the amended complaint and respectfully recommends that this case be dismissed under 28 U.S.C. § 1915A(b)(1) and § 1915(e)(2)(B)(ii) for Plaintiff's failure to state a claim on which relief may be granted.

## I.    Background

Plaintiff initially filed this action on or about June 10, 2019, against the Sheriff, in his official capacity as the custodian of the Leon County Jail, where Plaintiff is incarcerated as a pretrial detainee. ECF Doc. 1 at 2. He alleged that the meals at the jail "do not contain the needed proteins, vitimans [sic] and minerals included in a 2,000-calorie diet as ordered by the State of Florida and the Federal Food and Drug Administration." *Id.* at 5. As a result, Plaintiff claimed that his toe and finger nails are falling out, his skin is flaking off and his hair is falling out. He also claimed that he has been required to remain sedentary, resulting in a loss of muscle mass and tone. He also is not getting enough calcium, he claims, resulting in a loss of bone density. He suffers from Hepatitis C and claims that "lack of a proper diet can only be hurting this condition." *Id.* at 5-6. He claimed that this constituted deliberate indifference to his health, safety and welfare in violation of the Eighth Amendment. *Id.* at 6-7.

Plaintiff also claimed that he is never visited by any lawyer from the Public Defender's Office "to discuss with me how a defense for my crime can be formulated," and is being denied access to the law library. ECF Doc. 1 at 6a. Based on these facts Plaintiff contended he was denied "effective assistance of counsel and due process of law in violation of the Sixth and Fourteenth Amendments of the United States Constitution." *Id.*

For remedies, Plaintiff prayed "the Honorable Court will grant emergency injunction, ordering the defendant[] to correct said constitutional violations, such relief as may be proper and just, cost of suit." *Id.* at 7. He did not seek compensatory, punitive or nominal damages.

The Court reviewed the initial complaint and determined that it failed to state a claim. ECF Doc. 3. Because of Plaintiff's *pro se* status, however, the Court provided him with an opportunity to amend the complaint. *Id.* The Plaintiff filed an amended complaint on or about August 8, 2019. ECF Doc. 12. The undersigned has screened the amended complaint and finds that it continues to fail to state a claim.

## II.    Screening Standard

Because Plaintiff is a prisoner, the Court is required to review his amended complaint, identify cognizable claims and dismiss the complaint, or any portion thereof, if the complaint "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(a)-(b); *see also* 28 U.S.C. § 1915(e)(2)(B) (applying the same standard to *in forma pauperis* proceedings). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6); *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). The Court accepts all well-pleaded factual allegations of the complaint as

true and evaluates all reasonable inferences derived from those facts in the light most favorable to the plaintiff. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1484 (11th Cir. 1994). To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) ); *Franklin v. Curry*, 738 F.3d 1246, 1251 (11th Cir. 2013) (holding that courts must follow the Supreme Court's "'two-pronged approach' of first separating out the complaint's conclusory legal allegations and then determining whether the remaining well-pleaded factual allegations, accepted as true, 'plausibly give rise to an entitlement to relief.'" (quoting *Iqbal*, 556 U.S. at 679)).

## III.    The Claims

In Plaintiff's amended complaint, he names two defendants in addition to the Sheriff - (1) Ed Lee, the Director of the Leon County Jail and (2) the Jail, as "an entity." ECF Doc. 12 at 2. Plaintiff also attempts to add a plaintiff to his case, Gary McCracken, another prisoner at the Leon County Jail. ECF Doc. 12 at 2. In all other respects, Plaintiff relies on the allegations in his original complaint. Plaintiff states "see original complaint" for his statement of claims and his relief requested. ECF Doc. 12 at 7. The only additional facts contained in his amended complaint are allegations relating to newly added defendant Lee and are limited to Lee working

for the Sheriff and being directly responsible for the "Food Service" department and inmates' access to the law library.  ECF Doc. 12 at 6.[1]

### A. Improper Joinder

As an initial matter, Plaintiff's amended complaint is improper because he cannot join McCracken, another prisoner, to this action.  The joinder of more than one plaintiff to a prisoner action under Federal Rule of Civil Procedure 20[2] is prohibited by *Hubbard v. Haley*, 262 F.3d 1194, 1197 (11th Cir. 2001) (holding that under the PLRA each prisoner proceeding *in forma pauperis* must pay the full amount of the filing fee and thus cannot be joined in one complaint); *see id.* at 1195, 1198.

### B. Deliberate Indifference Claim

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (citing *Parratt v. Taylor*, 451 U.S. 527, 535

---

[1] Although Plaintiff was instructed to include all factual allegations in his amended complaint (ECF Doc. 11) and, thus, his reliance on the original complaint contravenes the Court's order, the undersigned has considered the allegations in both the original and amended complaint for purposes of this report and recommendation.

[2] Under Rule 20, plaintiffs may be joined in one action if their right to relief arises out of the same transaction or occurrence and their claims involve the same questions of law or fact.  Fed. R. Civ. P. 20.  Based on the allegations in the amended complaint, the undersigned cannot say that those elements are met.

(1981), *overruled in part on other grounds*, *Daniels v. Williams*, 474 U.S. 327, 330-331 (1986)).  Here, Plaintiff claims the Defendants violated his rights under the Sixth, Eighth and Fourteenth Amendments.  ECF Doc. 1 at 9.

Because Plaintiff is a pre-trial detainee, the conditions of his confinement are governed by the Fourteenth, rather than Eighth Amendment.  *See Jacoby v. Baldwin Cty.*, 835 F.3d 1338, 1344 (11th Cir. 2016).  The standard for setting forth a claim under the Fourteenth Amendment is essentially the same as that for an Eighth Amendment claim.  *See, e.g., Keith v. DeKalb Cty.*, 749 F.3d 1034, 1044 n.35 (11th Cir. 2014) (stating that "the standard for providing basic human needs to those incarcerated or in detention is the same under both the Eighth and Fourteenth Amendments" (quotation omitted)).  Thus, the undersigned will treat Plaintiff's Eighth Amendment claim as one arising under the Fourteenth Amendment.

A prisoner claiming the conditions of his confinement are unconstitutional under the Fourteenth Amendment must show (1) a condition of confinement that inflicted unnecessary pain or suffering, (2) the defendant's deliberate indifference to the condition, and (3) causation.  *LaMarca v. Turner*, 995 F.2d 1526, 1535 (11th Cir. 1993).  Deliberate indifference, in turn, has three elements: (1) the defendant's subjective knowledge of a risk of serious harm, (2) disregard of that risk, (3) by conduct that is more than gross negligence.  *Thomas v. Bryant*, 614 F.3d 1288, 1312 (11th Cir. 2010).  The evidence must demonstrate that, "with knowledge of the infirm

conditions, the official knowingly or recklessly declined to take actions that would have improved the conditions." *Id.* (alteration and quotation omitted). Plaintiff has failed to set forth facts sufficient to support any of the three elements of his Fourteenth Amendment claim.

Where an inmate's § 1983 claim is based upon the deprivation of food, such a claim can violate the Constitution if the prisoner is denied the "minimal civilized measure of life's necessities." *Wilson v. Seiter*, 501 U.S. 294, 303 (1991). Plaintiff has not alleged any facts to show that the food he was provided fails to meet that standard. Instead, his allegations appear to be based on a generalized claim that the "meals do not contain the needed proteins, vitamins and minerals included in a 2,000 calorie diet as ordered by the State of Florida and the Federal Food and Drug Administration." Plaintiff does not allege what has been included with the meals he has been provided. Plaintiff's claim appears to be based solely on his general disapproval of the food provided by the jail, which does not support a claim under the Fourteenth Amendment. *See Smith v. Sullivan,* 553 F.2d 373, 380 (5th Cir. 1977) ("A well-balanced meal, containing sufficient nutritional value to preserve health, is all that is required.").[3]

---

[3] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the Fifth Circuit Court of Appeals issued before the close of business on September 30, 1981.

Additionally, the denial of a medically prescribed diet may violate the Constitution under certain circumstances. *See McDonald v. Hardy*, 821 F.3d 882, 890 (7th Cir. 2016); *Lopez v. Smith*, 203 F. 3d 1122, 1132 (9th Cir. 2000); *Robles v. Coughlin*, 725 F.2d 12, 15-16 (2nd Cir. 1983); *Byrd v. Wilson*, 701 F.2d 592, 594-95 (6th Cir. 1983); *see also, e.g., Marquez v. Woody*, 440 F. App'x 318, 324 (5th Cir. 2011) (unpublished); *Ayers v. Uphoff*, 1 F. App'x 851, 855 (10th Cir. 2001) (unpublished).   However, here, although Plaintiff alleges that he suffers from Hepatitis C, he does not allege that he has been prescribed a special diet.

Also, while alleging that the lack of a proper diet has caused his "toe and finger nails" to fall out and his skin to flake off, Plaintiff does not allege that any of these "effects" have required him to seek medical attention.  Plaintiff's allegation that the lack of a proper diet "can only be hurting" his Hepatitis C condition is conclusory, at best, and is insufficient to show that he is entitled to a special diet or that the meals he has been provided have caused his condition to worsen.  Simply, Plaintiff's amended complaint does not contain facts sufficient to show that Plaintiff was exposed to conditions that rise to a constitutional violation.

Even if he had sufficiently alleged the existence of such a condition, Plaintiff cannot show that the Sheriff or Lee were "deliberately indifferent."  To make such a showing, the Sheriff and Lee must have subjective knowledge of a risk of serious harm and disregard that risk by conduct that is more than gross negligence. *Thomas*,

614 F.3d at 1312.  Plaintiff, however, has not alleged that the Sheriff or Lee had subjective knowledge of any issues Plaintiff was having with the food being provided.  Plaintiff's allegations against the Sheriff are limited to the Sheriff being "responsible for the meals prepared for inmates" and the "custodian of the Leon County Jail."  ECF Doc. 1 at 5, 7.  Similarly, Plaintiff's allegation as to Lee is limited to Lee being "directly responsible for the "'Food Service' department and inmate's access to the Law Library."  ECF Doc. 12 at 6.  While Plaintiff claims that "[o]ver the last few months, Plaintiff has made repeated attempts to get the proper diet along with writing a grievance," ECF Doc. 1 at 6, Plaintiff did not attach a copy of the grievance or allege that the grievance or attempts to get the proper diet put the Sheriff or Lee on notice of the alleged deficiencies with the food or its effect on Plaintiff.

C. <u>Access To Courts Claim</u>

Access to the courts is a fundamental constitutional right that "requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Bounds v. Smith*, 430 U.S. 817, 828 (1977).  However, there is no right to a law library or to legal assistance *per se*, but only "a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." *Lewis v. Casey*, 518 U.S. 343, 351 (1996) (quotation omitted); *see also Akins v. United States*, 204 F.3d 1086, 1090 (11th Cir. 2000) ("The mere

inability of a prisoner to access the law library is not, in itself, an unconstitutional impediment."). To bring an access to the courts claim, an inmate "must show actual injury in the pursuit of specific types of nonfrivolous cases: direct or collateral attacks on sentences and challenges to conditions of confinement." *Wilson v. Blankenship*, 163 F.3d 1284, 1290 (11th Cir. 1998).

Plaintiff's amended complaint fails to state a claim for denial of access to the courts. Plaintiff alleges he was denied access to the law library. ECF Doc. 1 at 6a, 7. He does not, however, allege how the lack of access to the law library has caused him any injury. In other words, he has failed to allege how any such denials "hindered his efforts to pursue a legal claim." *See Lewis*, 518 U.S. at 351. Without such allegations, the Plaintiff cannot show he has suffered an actual injury. *See id*. Similarly, Plaintiff's allegation that he has not been visited by an attorney from the public defender's office does not support his access to the courts claim against the Sheriff or Lee because there are no facts alleged showing that (1) a public defender was appointed for him or (2) these particular Defendants (or anyone at the Jail) prevented an attorney from seeing him. Additionally, there are not facts showing what injury he has suffered because of such alleged failure. *See id.*

D. Supervisory Liability

To the extent Plaintiff is seeking to hold the Sheriff and Lee liable as supervisors at the Jail, Plaintiff's claim for supervisory liability also fails.

Supervisors can be held "liable under ... § 1983, for the unconstitutional acts of [their] subordinates [only] if [they] personally participated in the allegedly unconstitutional conduct or if there is a causal connection between [their] actions ... and the alleged constitutional deprivation." *Douglas v. Yates,* 535 F.3d 1316, 1322 (11th Cir. 2008) (quotation marks omitted).  A plaintiff can only establish a causal connection by showing that: (1) "a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation and he fail[ed] to do so"; (2) "the supervisor's improper custom or policy le[d] to deliberate indifference to constitutional rights"; or (3) "facts support an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." *Id.*  "The standard by which a supervisor is held liable in her individual capacity for the actions of a subordinate is extremely rigorous."  *Doe v. School Bd. of Broward Cty., Fla.,* 604 F.3d 1248, 1266 (11th Cir.2010) (quotation marks omitted); *Hendrix v. Tucker*, 535 F. App'x 803, 805 (11th Cir. 2013).

As an initial matter, the undersigned finds that Plaintiff's amended complaint fails to state a claim for a constitutional violation, which necessarily negates any claim for supervisory liability.  Regardless, neither Plaintiff's amended nor original complaint contain any factual allegations against the Sheriff or Lee that could be

reasonably read as showing that either personally participated in any constitutional violation or directed others to do so.

Plaintiff has also not alleged facts showing the existence of a custom or policy or history of widespread abuse.  Plaintiff simply alleges, in conclusory fashion that the Sheriff has shown a "pattern of deliberate indifference and wanton and willful disregard for inmate safety, health and welfare" (ECF Doc. 1 at 6b).  Such a conclusory allegation, unsupported by any factual allegations, is insufficient to state a cause of action.  *See Cunningham v. Dist. Attorney's Office for Escambia Cty.*, 592 F.3d. 1237, 1271 (11th Cir. 2010) ("The allegations about the underlying cause of action must be specific enough to give fair notice to the defendants and must 'be described well enough to apply the "nonfrivolous" test and to show that the "arguable" nature of the underlying claim is more than hope.'")

E. <u>Leon County Jail</u>

In Plaintiff's amended complaint, he seeks to add the "entity" of Leon County Jail as a defendant.  However, this defendant is an entity that is not capable of being sued.  Under § 1983 liability can only be imposed against an entity that is capable of being sued.  *See Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992) (Distinguishing between a "person" for liability (under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978) and § 1983) and a "legal entity subject to suit," the court concluded the county sheriff's department was not a legal entity capable of being

sued.).  Instead, the suit should be brought against the Sheriff, which Plaintiff has already done.  *Avant v. Rice*, 1992 WL 359633, at *6 (M.D. Fla. Nov. 19, 1992) (holding that county jail is not an actionable legal entity because it does not enjoy a separate legal existence independent of the county or the sheriff's office).  Therefore, Plaintiff fails to state a claim against the Leon County Jail.

F.  <u>Injunctive Relief</u>

Finally, as relief Plaintiff seeks an "emergency injunction," but has not set forth facts sufficient to show that he would succeed on the merits of his underlying claim.  ECF Doc. 1 at 7.  The purpose of preliminary injunctive relief is to preserve the status quo between the parties and to prevent irreparable injury until the merits of the lawsuit itself can be reviewed.  *See Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994).  The grant or denial of preliminary injunctive relief rests in the discretion of the district court.  *See Carillon Imp., Ltd. v. Frank Pesce Intern. Grp. Ltd.*, 112 F.3d 1125, 1126 (11th Cir. 1997) (citation omitted). The district court, however, must exercise its discretion in light of whether:

1. There is a substantial likelihood that Plaintiff will prevail on the merits;

2. There exists a substantial threat that Plaintiff will suffer irreparable injury if the injunction is not granted;

3. The threatened injury to Plaintiff outweighs the threatened harm an injunction will do to the Defendant(s); and

4. The granting of the preliminary injunction will not disserve the public interest.

*See CBS Broad., Inc. v. Echostar Communc'n Corp.*, 265 F.3d 1193, 1200 (11th Cir. 2001) (citation omitted); *Carillon Imp., Ltd.*, 112 F.3d at 1126. "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the 'burden of persuasion' as to the four requisites." *CBS Broad., Inc.*, 265 F.3d at 1200 (citation omitted).

As set forth above, Plaintiff's current complaint does not state a plausible claim for relief against the Sheriff or Lee. Therefore, Plaintiff has not shown that he is likely to prevail on the merits as the complaint is now pled. Also, Plaintiff simply fails to allege any of the other elements required before granting preliminary injunctive relief. Therefore, such relief is due to be denied at this point.

## IV.   Conclusion

Because of Plaintiff's *pro se* status, the Court provided Plaintiff an opportunity to clarify his allegations to state a claim. Specifically, the Court directed Plaintiff to (1) clearly describe how each named defendant is involved in the alleged constitutional violation, alleging the claims as to each defendant in separately numbered paragraphs and including specific dates and times of the alleged unconstitutional acts; (2) state what rights under the Constitution or laws of the United States have been violated, and (3) provide support in the statement of facts for the claimed violations. ECF Doc. 3 at 12. Plaintiff was also warned that "Plaintiff's failure to comply with this order as instructed may result in a

recommendation that this case be dismissed." *Id.* at 13.  Despite being given an opportunity to amend his complaint to state a cause of action, Plaintiff's amended complaint continues to fail to state a facially plausible claim for relief under § 1983 as to any of the named defendants.  The undersigned finds that an additional opportunity to amend would be futile based on the facts alleged.

Accordingly, it is respectfully RECOMMENDED:

1.    That this action be DISMISSED without prejudice under 28 U.S.C. § 1915A(b)(1) and § 1915(e)(2)(B)(ii), for Plaintiff's failure to state a claim on which relief may be granted.

2.    That the clerk be directed to close the file.

At Pensacola, Florida, this 14th day of August, 2019.


*/s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. A copy of objections shall be served upon the magistrate judge and all other parties. A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. See 11th Cir. R. 3-1; 28 U.S.C. § 636.